IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Arthur Jones, Jr. | ) | C/A No. 6:16-cv-01059-MBS-KFM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

       Arthur Jones, Jr., a federal prisoner proceeding *pro se*, has submitted a petition for a writ of mandamus that would direct United States District Judge David C. Norton to remand criminal charges to the Court of General Sessions for Clarendon County, South Carolina. The petitioner is currently incarcerated at the Federal Correctional Complex in Terre Haute, Indiana. He files this action *in forma pauperis* under 28 U.S.C. § 1915. The petition is subject to summary dismissal.

## BACKGROUND

       The petitioner alleges that he was held in South Carolina custody for two years and four months on criminal charges before he was transferred to federal custody in April 1999 pursuant to a writ of habeas corpus *ad prosequendum* (doc. 1 at 6, 16). The State of South Carolina dismissed the petitioner's pending charges on June 1, 1999; the petitioner was later convicted on his federal charges (docs. 1 at 6–7; 1-1 at 15–16). The petitioner asserts that the federal court lacked subject matter jurisdiction over his charges because he did not give his permission to remove his charges to the District Court for the

District of South Carolina (doc. 1 at 12). The petitioner alleges that the State and federal actors acted in bad faith because they prevented him from discovering that his charges had been transferred (*id.* at 9–10). He believes that this deception prevented him from filing a motion to remand. The petitioner contends that the District Court usurped the State of South Carolina's power in prosecuting his charges.

The petitioner was sentenced on his federal criminal charges on March 8, 2000.[1] *USA v. Jones,* 2:99-cr-00362-DCN-1 (D.S.C.). He filed a direct appeal of his criminal convictions on March 13, 2000, and his conviction was affirmed by the Fourth Circuit Court of Appeals. *Id.* The petitioner has previously filed two § 2255 petitions in this court, both of which were dismissed. *See Jones v. USA*, 2:01-cv-04451-DCN (D.S.C.); *Jones v. USA*, 2:05-cv-00302-DCN (D.S.C.). The petitioner states that he filed a § 2241 petition in another district, which was denied (doc. 1 at 10). On February 29, 2016, he filed a motion to remand in his criminal case, requesting that his charges be remanded to the State of South Carolina; Judge Norton denied the motion on March 4, 2016. *Jones*, 99-00362, docs. 141, 142. In the present action, the petitioner seeks to have this court direct Judge Norton to remand his criminal charges to the State of South Carolina.

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review the petition for relief and

---

[1] This Court may take judicial notice of the petitioner's prior § 2255 petitions. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

submit findings and recommendations to the District Court.  The petitioner filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Further, the petitioner is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Thus, even if the petitioner had prepaid the full filing fee, this Court is charged with screening the petitioner's lawsuit to identify cognizable claims or to dismiss the petition if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).  However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## **DISCUSSION**

The petitioner's action is subject to summary dismissal.  A writ of mandamus is issued only in the rarest of circumstances, and is a drastic remedy. *United States v.*

*Sosa*, 364 F.3d 507, 511 (4th Cir. 2004). In *Sosa*, the Fourth Circuit Court of Appeals explained that when a litigant seeks mandamus relief he must show that, "'he had no other adequate means to attain the relief he desires' and that his right to issuance of the writ is 'clear and indisputable.'" *Id.*; *see also In re Pruett*, 133 F.3d 275, 281 (4th Cir. 1997).

Here, the petitioner's request for mandamus relief against a United States District Judge has been filed in the wrong court; the petitioner may attempt to seek such mandamus relief only from the Fourth Circuit Court of Appeals. *Barnes v. Seymour*, C/A No. 8:09-02616-MBS-BHH, 2009 WL 6547636, at *2 (D.S.C. Nov. 10, 2009), *aff'd in part and rvs'd in part by* 416 F. App'x 300 (4th Cir. 2011). This court is also without the authority to order the State of South Carolina to prosecute the petitioner on charges that it dismissed almost seventeen years ago. *See Moye v. Clerk, Dekalb Cnty. Sup. Court*, 474 F.2d 1275, 1275–76 (5th Cir. 1973) (holding that a federal district court may issue a writ of mandamus only against an employee or official of the United States).[2]

Further, if the petitioner disagreed with Judge Norton's March 4, 2016, ruling that denied his motion to remand, he could have pursued another adequate means to obtain relief by filing an appeal. The petitioner's petition for a writ of mandamus is not a substitute for an appeal. *In re Johnson*, 20 F. App'x 189, 190 (4th Cir. 2001).

---

[2] Moreover, to the extent that the petitioner is truly attacking the validity of his federal conviction, a writ of mandamus is not the appropriate relief. Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. *See United States v. Little*, 392 F.3d 671, 678–79 (4th Cir.2004). In fact, it appears the petitioner did file two § 2255 actions in this court, and this court denied relief.

## **RECOMMENDATION**

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The petitioner's attention is directed to the important notice on the next page.**

                                                s/ Kevin F. McDonald
                                                United States Magistrate Judge

April 21, 2016
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).