# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Arthur Jones, Jr.,<br>               Petitioner,<br><br>v.<br><br>United States of America,<br><br>               Respondent. | Civil Action No.: 6:16-cv-1059-MBS<br><br><br>**ORDER** |

On April 5, 2016, Petitioner Arthur Jones, Jr., filed a petition for writ of mandamus in the United States Court of Appeals for the Fourth Circuit. ECF No. 1. The petition was simultaneously filed in the United States District Court and assigned to Magistrate Judge Kevin McDonald for pretrial handling pursuant to 28 U.S.C. § 636(b) (2012) and Local Civil Rule 73.02, D.S.C. ECF No. 2. This matter is before the court on the Magistrate Judge's Report and Recommendation, filed April 21, 2016.

### I. RELEVANT FACTUAL AND PROCEDURAL HISTORY

Petitioner alleges that in February of 1997, he was taken into state custody and held on state criminal charges before being transferred to federal custody pursuant to a writ of habeas corpus *ad prosequendum* on or about April 29, 1999. ECF No. 1 at 6, 16. Petitioner was indicted on one charge of interference with commerce by threat or violence, in violation of 18 U.S.C. § 1951 (Count 1); and use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), (j), and 18 U.S.C. § 2 (Count 2). These were the same charges for which Petitioner had been arrested and detained in state court. Petitioner's state charges were dismissed on June 1, 1999. Petitioner remained in federal custody until he was convicted on his federal

1

charges on November 3, 1999. ECF No. 1 at 6. Petitioner was sentenced on his federal charges on March 3, 2000, judgment was entered on March 8, 2000, and Petitioner's conviction was affirmed by the Fourth Circuit Court of Appeals on November 27, 2000.

On February 29, 2016, Petitioner filed a motion to remand the matter to state court. Petitioner claimed the federal court lacked subject matter jurisdiction because the Government had not filed a notice of removal as required by 28 U.S.C. § 1446. Petitioner asserted he was entitled to a due process hearing and an opportunity to file a motion to remand. ECF No. 1 at 9, 12. Petitioner's motion was denied on March 4, 2016. *See Jones*, No. 99-00362. Petitioner filed a writ of mandamus on March 30, 2016 seeking an order directing the remand of his criminal charges to state court. ECF No. 1 at 5.

## II.  DISCUSSION

In his Report and Recommendation, the Magistrate Judge asserts that Petitioner's request for mandamus relief was filed in the wrong court, and that Petitioner may only seek such relief from the Fourth Circuit Court of Appeals. ECF No. 7 at 4. The Magistrate Judge further found that the court was "without authority to order the State of South Carolina to prosecute the petitioner on charges that it dismissed almost seventeen years ago." *Id*.  As a result, the Magistrate Judge recommended that the court dismiss the action without prejudice and without issuance and service of process. *Id*. at 5.

Petitioner filed objections to the Magistrate Judge's Report and Recommendation, contending that he correctly submitted his petition for mandamus to the United States Court of Appeals for the Fourth Circuit and any filing to the United States District Court was meant to be a courtesy copy of the petition. ECF No. 10 at 1. To support this contention, Petitioner references the petition's Fourth Circuit docket number. *Id*.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Here, it appears Petitioner's petition for writ of mandamus was docketed as a post-trial motion in error. Petitioner correctly filed his petition in the United States Court of Appeals for the Fourth Circuit. *Jones*, No. 16-1374, Doc. 7 at 1. The Fourth Circuit denied the petition because the relief sought is not available by way of mandamus. *Id.* at 2. Accordingly, the court declines to adopt the Magistrate Judge's Report and Recommendation. The Petition for writ of mandamus (ECF No. 1) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Charleston, South Carolina
February 23, 2017

3